Case 2:19-cv-00930-JDC-KK   Document 1-1   Filed 07/19/19   Page 1 of 13 PageID #: 5



# Notice of Service of Process

null / ALL
Transmittal Number: 19981399
Date Processed: 06/21/2019

| | |
|---|---|
| **Primary Contact:** | Richell Mintzlaff MC5003-1001<br>The Boeing Company<br>100 N Riverside<br>Chicago, IL 60606-1596 |

| | |
|---|---|
| **Entity:** | The Boeing Company<br>Entity ID Number  1901768 |
| **Entity Served:** | The Boeing Company |
| **Title of Action:** | Scott Thomas Maine vs. The Boeing Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Calcasieu Parish District Court, LA |
| **Case/Reference No:** | 2019-2589 E |
| **Jurisdiction Served:** | Louisiana |
| **Date Served on CSC:** | 06/20/2019 |
| **Answer or Appearance Due:** | 15 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Oliver "Jackson" Shcrumpf<br>337-625-9077 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



EXHIBIT A

SCOTT THOMAS MAINE  
VS.  2019-002589  
THE BOEING COMPANY

Citation



14th Judicial District Court  
State of Louisiana  
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  THE BOEING COMPANY  
CORPORATION SERVICE COMPANY  
501 LOUISIANA AVENUE  
Baton Rouge, LA  70802

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of SCOTT THOMAS MAINE, AND TAHIRA MAINE (PETITION FOR DAMAGES COMBINED WITH PETITION TO PERPETUATE TESTIMONY OF PETITIONER) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 29th day of May 2019.

Issued and delivered June 12, 2019

_Emilie McPherson_  
Emilie McPherson  
Deputy Clerk of Court

---

SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.  
RETURNED:  
PARISH OF _____ this _____ day of _____ 20____

SERVICE   $_____        BY:  _____  
MILEAGE   $_____             Deputy Sheriff  
TOTAL $_____

Party No.   P001



|||||| |||| ||||||||| ||||||  
C M S 6 4 7 4 2 2 5  
Filing Date: 06/12/2019 09:47 AM   Page Count: 1  
Case Number: 2019-002589  
Document Name: Citation

EXHIBIT B

[ Service Copy ]  
CMS0085

Page 1 of 1

| | | |
|---|---|---|
| **SCOTT THOMAS MAINE, ET UX** | : | **14TH JUDICIAL DISTRICT COURT** |
| VS. NO. 2019-2589 E | : | **PARISH OF CALCASIEU** |
| **THE BOEING COMPANY** | : | **STATE OF LOUISIANA** |
| FILED: _MAY 29 2019_ | : | _____ <br> **DEPUTY CLERK OF COURT** |

### PETITION FOR DAMAGES COMBINED WITH PETITION TO PERPETUATE TESTIMONY OF PETITIONER

The Petition of SCOTT THOMAS MAINE, a married man of the full age of majority, and his wife, TAHIRA MAINE, both domiciled in Calcasieu Parish, Louisiana, respectfully represent:

1.

Named as defendant herein is **THE BOEING COMPANY,** a foreign corporation doing business in Louisiana with its registered agent:

Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

The BOEING COMPANY is named herein as the manufacturer of the aircraft that used depleted uranium weights on rudders and elevators, and was merge survivor of MCDONNELL DOUGLAS CORPORATION, the original manufacturer of the civilian DC-10 aircraft and subsequent KC-10 aircraft; and survivor of the merge between DOUGLAS AIRCRAFT COMPANY of Long Beach, CA (manufacturer of depleted uranium weights used in rudders and elevators on the Boeing KC-10 aircraft) and MCDONNELL DOUGLAS CORPORATION, which subsequently merged with and became THE BOEING COMPANY, sole merge survivor.

2.

The named adverse parties are jointly, severally, and solidarily liable unto petitioners for the reasons herein alleged. The employer of petitioner, namely NORTHROP GRUMMAN SYSTEMS CORPORATION, 8710 Freeport Parkway, Ste. 100, Irving, Texas 75063-2577, (employer of plaintiff at all pertinent times herein and provider of Worker's Compensation


EXHIBIT C

coverage to petitioner), and its unknown worker compensation insurance carrier, a domestic corporation doing business in Louisiana with its registered agent:

C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

may be liable to petitioner for worker's compensation benefits in accordance with law, said employer is being named herein for the purpose of preservation of testimony of petitioner but not as a defendant in the tort action.

3.
**JURISDICTION and VENUE**

Jurisdiction and venue is proper in CALCASIEU Parish, Louisiana, because this is the parish in which all or a substantial part of the events or omissions giving rise to the claim occurred. Petitioner was employed by Northrop Grumman Systems Corporation performing work on DC-10 and KC-10 aircraft in Calcasieu Parish, Louisiana, from 2010-2014, which caused him to be exposed to depleted uranium dust.

4.

Petitioner is a trained aviation electrician, having gained this training as a member of the United States Navy, an Air Frame and Power Plant license FAA, General Radiotelephone Operators license FCC, a Bachelor's degree, and a Master's degree in electrical engineering.

5.

In the summer of 2010, Petitioner moved to Lake Charles for his employment with Northrop Grumman as the lead engineer in its depot maintenance facility in Calcasieu Parish, Louisiana. Petitioner worked in this capacity throughout the summer of 2014.

6.

In the mid-1990s, The Boeing Company purchased McDonnell Douglas, the producer of KC-10 aircraft. The KC-10 aircraft was originally designed by McDonnell Douglas as a civilian aircraft known as the DC-10. In 1981 the U.S. government began using the DC-10 for military uses, including refueling and cargo. However the military did not re-design or craft new requirements for the weights used on the tail and rudder of the aircraft. The rudder and elevator

weights on DC-10 and KC-10 aircraft were designed and built by Douglas Aircraft Company, Long Beach, California, which later merged with McDonnell Douglas Corporation.

7.

In June of 2010, Boeing lost the maintenance and support contract. Northrup Grumman won the maintenance and support contract from the United States Air Force of KC-10 aircraft.

8.

During this time, 2010-2014, Northrop Grumman had a contract with United States Air Force to repair the KC-10 aircraft, including the weights located on rudders and elevators.

9.

Petitioner's responsibilities as the lead engineer at Northrop Grumman at Lake Charles, Louisiana included inspection of the weights of the KC-10.

10.

The weights of the KC-10 contain large quantities of depleted uranium. The size of the depleted uranium in the weights is small like dust, and is supposed to be completely enclosed by a cadmium shield and other metal.

11.

The rudder and elevator weights are made of depleted uranium encased in a cadmium shield and other metal. The cadmium shield is known to corrode and break upon exposing the depleted uranium to the atmosphere.

12.

On knowledge, information and belief, petitioner shows that the cadmium or other metal coating on the weights on KC-10 aircraft failed or otherwise allowed the escape of depleted uranium. Depleted uranium dust located in the weights under inspection by Petitioner escaped into the environment, was breathed in and ingested by petitioner, and was captured on petitioner's clothing and skin during inspections. However, petitioner did not know at the time that there were any potential harmful effects from the material.

13.

There were no warnings in the maintenance manual or the service bulletin given to personnel about the hazards of depleted uranium. No warnings were seen by petitioner.

14.

The location of weights in the rudders and elevators presented Petitioner with further exposure and ingestion of depleted uranium. More specifically, the space between some of the rudders and the weights was a long, thin slot, approximately an inch and a half wide. Therefore, Petitioner had to use a flashlight and a mirror to gain a vantage point to inspect the weights. Petitioner had to get close to the weights to inspect them.

15.

Petitioner had to place his face in close proximity to the rudders and elevators in order to inspect the weights. There, Petitioner observed the presence of a dark grey powder covering the area.

16.

Petitioner's hands and clothing came into contact with the dark grey powder. At the time, Petitioner was unaware that this material was depleted uranium.

17.

Petitioner avers that he inhaled and ingested the depleted uranium, absorbing it into his body, as a result of the normal course and scope of his employment at Northrop Grumman while working on the KC-10 aircrafts.

18.

On August 1, 2017, Petitioner was diagnosed with a malignant neoplasm in his kidney.

19.

Petitioner's cancer has metastasized to the hip, pancreas, spine, lungs, and rib.

20.

Plaintiff has also been diagnosed with 4th stage inoperable clear cell renal carcinoma.

21.

Petitioner has been treated with radiation treatment, arterial embolization, and oral chemotherapy, as well as intravenous immunotherapy.

22.
## DISCOVERY OF THE CLAIM

In or about late November 2018, while petitioner continued to research to try to determine what might have caused his cancer, petitioner first learned that the dust he had been exposed to in 2010 – 2014 was depleted uranium. Prior to that date, petitioner had not sufficient information to guess what might have caused him to develop cancer. Petitioner later did additional research and discovered that depleted uranium retains chemical properties that cause it to be absorbed into the kidneys where it has a high propensity to cause cancer.

23.

Petitioner has now placed his employer on notice of his need for worker's compensation benefits.

24.
## PETITION TO PRESERVE TESTIMONY BY DEPOSITION

Petitioner herein, SCOTT THOMAS MAINE, expects that prior to this action being ready for trial, he may become too disabled to provide testimony; therefore, petitioner includes with this petition a request that his testimony be preserved by video deposition in the near future.

25.

The subject matter of this action involves Petitioner's frequent exposure to depleted uranium that escaped from the weights of the Boeing aircraft he inspected while employed by Northrop Grumman from 2010 through 2014.

26.

Petitioners have suffered damages for the inoperable metastatic malignancies that he has developed resulting from his exposure to depleted uranium, including but not limited to: pain and suffering, medical costs, increased medical treatments, extended pharmaceutical treatment, rehabilitation, impending or future loss of limbs, organs, and/or life, future extended disability, loss of income, loss of earning capacity, and loss of enjoyment of life. Petitioner, **TAHIRA MAINE**, is suffering a loss of consortium claim as well as other damages which may accrue.

27.

Petitioner desires to establish and preserve the facts of his training, education, employment, exposure to depleted uranium, subsequent development of multiple malignancies, and the discovery in late November, 2018 of the probable cause of his cancer by his proposed testimony.

28.

Petitioner is concerned that should his testimony not be perpetuated now, due to his deteriorating medical condition, he may not be able to render a full and accurate testimony at a later time, thus effecting a failure in preserving Petitioner's testimony and a delay of justice.

29.

The names and addresses of adverse parties known to Petitioner include those listed in paragraph (1) of this petition, and his employer, Northrop Grumman Systems Corporation and it's worker's compensation insurance carrier.

30.

Petitioners desire that the testimony of SCOTT THOMAS MAINE be perpetuated by the taking of his video deposition pursuant to La. C.C.P. Art. 1429, by oral examination and video pursuant to La. C.C.P. Art. 1431.

31.

Petitioner is the proposed deponent, SCOTT THOMAS MAINE, and is domiciled at 521 Becky Lane, Lake Charles, Louisiana, 70605.

32.

This claim is sufficient for a jury demand and is within the jurisdiction of this court.

33.
CAUSES OF ACTION

A. THE BOEING COMPANY (individually and as sole surviving merge partner of DOUGLAS AIRCRAFT COMPANY and MCDONNELL DOUGLAS CORPORATION, is **strictly liable** for its use of highly toxic materials, including depleted uranium, in manufacture of its rudder and elevator weights used on aircraft, which escaped their containment and caused or contributed to cancer in plaintiff;

B. THE BOEING COMPANY was **negligent** in the following non-exclusive particulars (plaintiff reserving the right to amend and add additional grounds upon receipt of additional information):

1. Using depleted uranium to create weights for rudders and elevators in its product when other materials (such as for instance sintered tungsten) would have served the same purpose without being so dangerous to handle;

2. Failing to enclose the depleted uranium in a material that would adequately withstand the elements and forces that affected the cadmium covering;

3. Failing to establish a policy of replacement of the elevator and rudder weights at a pace that would have replaced the weights prior to their being compromised, broken, deteriorated or otherwise leaking the depleted uranium;

4. Failing to warn potential service companies and their employees of the serious consequences of coming into contact with depleted uranium;

5. Failure to place placards near the location of the weights warning service personnel and repairmen of the need to wear protective clothing, eye protection, and breathing apparatus when in proximity to the depleted uranium leaking from the weights;

6. Failure to post warnings in the repair manuals to warn service personnel of the danger of depleted uranium in the weights.

7. Failure to notify potential repair companies (and their employees) of the procedures required to protect personnel when they come into contact with the depleted uranium; and failure to warn of the high risk that depleted uranium will cause kidney and other cancers.

WHEREFORE, petitioner prays that after due proceedings are had, an order be issued herein in favor of Petitioner:

I. To take the deposition of SCOTT THOMAS MAINE, to perpetuate his testimony through oral video examination pursuant to La. C.C.P. Arts. 1429, 1431; and

II. That the subject matter of the testimony of SCOTT THOMAS MAINE concerns areas including but not limited to his training, education, employment, and involvement with regard to his exposure to depleted uranium while an employee of Northrop Grumman, his medical history and treatment for cancer and damages; his discovery, in late November, 2018, of the suspected likely cause of his cancer, depleted uranium exposure; and

III. That Petitioner be granted all further and different relief as the facts, law, and equity of this case require.

Petitioners also pray that after due proceedings, that there be judgment in favor of petitioners, SCOTT THOMAS MAINE and TAHIRA MAINE, and against all defendants found to have caused or contributed to the injuries of plaintiffs, including but not limited to THE BOEING COMPANY and the UNKNOWN MANUFACTURERS (to be named by supplemental documents after discovery), in the full sum of all damages shown to be due, and for all costs of this proceedings, plus judicial interest from date of judicial demand until paid.

Respectfully submitted by:
SCHRUMPF LAW OFFICE,
A PROFESSIONAL LAW CORPORATION

BY: _____
TRIAL COUNSEL
OLIVER "JACKSON" SHCRUMPF, #11832
CHARLES SCHRUMPF, #11831
STACY SALTZMAN, #28210
3801 Maplewood Drive, Sulphur, LA  70663
Phone: (337)625-9077
Fax:  (337) 625-8231

**PLEASE SERVE:**
Please serve Defendant, The Boeing Company in accordance with paragraph 1.

A TRUE COPY
Lake Charles, Louisiana
Emilie McPherson
Deputy Clerk of Court
Calcasieu Parish, Louisiana  JUN 1 3 2019

| | | |
|---|---|---|
| IN RE SCOTT THOMAS MAINE, ET UX | : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2019-2589 E | : | PARISH OF CALCASIEU |
| | : | STATE OF LOUISIANA |
| FILED: MAY 29 2019 | : | _Sarah Hollier_ <br> DEPUTY CLERK OF COURT |

## AFFIDAVIT OF PETITIONER

STATE OF LOUISIANA

PARISH OF CALCASIEU

BEFORE ME, the undersigned authority, on this day personally came and appeared SCOTT THOMAS MAINE, who being duly sworn, did depose and declare under oath:

(1) I have read the foregoing petition and all facts contained herein are true and correct to the best of my knowledge, information, and belief.

(2) I expect to be a party to an action cognizable in this Court regarding the subject matter herein presented but am presently unable to bring it or cause it to be brought.

(3) Due to my health, I am concerned that I may not be able to render a full and accurate testimony at a later time if my testimony is not preserved and perpetuated now.

(4) That this affidavit is signed under penalty of Louisiana perjury statute.

_Scott Thomas Maine_
SCOTT THOMAS MAINE

SWORN TO AND SUBSCRIBED BEFORE ME, Notary Public, at Sulphur, Louisiana on this 30 day of April, 20 19.

_Oliver Schrumpf_
NOTARY PUBLIC

| | | |
|---|---|---|
| IN RE SCOTT THOMAS MAINE, ET UX | : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2019-2589 E | : | PARISH OF CALCASIEU |
| THE BOEING COMPANY | : | STATE OF LOUISIANA |
| FILED: MAY 29 2019 | : | Sarah Hollier<br>DEPUTY CLERK OF COURT |

## ORDER

CONSIDERING THE FOREGOING PETITION, IT IS HEREBY ORDERED that the deposition and oral video examination of SCOTT THOMAS MAINE be taken to perpetuate his testimony on the 23rd day of July, 2019 at 10:00 o'clock a.m. at 3801 Maplewood Drive, Sulphur, Louisiana 70663.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 29yn day of May, 2019.

S/ Clayton Davis
DISTRICT JUDGE

A TRUE COPY
Lake Charles, Louisiana
Emilie Methvin
Deputy Clerk of Court
Calcasieu Parish, Louisiana
JUN 13 2019

**CERTIFICATE OF SERVICE:**
The Boeing Company, et al

**Through Their Registered Agents as follows:**

Registered Agent for THE BOEING COMPANY:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

Registered Agent for NORTHROP GRUMMAN SYSTEMS CORPORATION:
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

EXHIBIT D

| | | |
|---|---|---|
| SCOTT THOMAS MAINE, ET UX | : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2019-2589 E | : | PARISH OF CALCASIEU |
| THE BOEING COMPANY | : | STATE OF LOUISIANA |
| FILED: MAY 29 2019 | : | Sarah Hollier<br>DEPUTY CLERK OF COURT |

## NOTICE TO TAKE VIDEO DEPOSITION

PLEASE TAKE NOTICE the video deposition of the following named individual will be taken on the following date and time for all purposes, pursuant to applicable state laws and rules, for the purposes and uses therein expressed, before an official officer authorized by law to administer oaths. You are invited to attend and take part in the examination as is necessary and proper.

| NAME | PLACE | DATE/TIME |
|---|---|---|
| SCOTT MAINE | SCHRUMPF LAW OFFICE<br>3801 MAPLEWOOD DRIVE<br>SULPHUR, LA 70663 | JULY 23, 2019<br>at 10:00 a.m. |

Sulphur, Louisiana, this 29th day of May, 2019.

Respectfully submitted by
LAW OFFICES OF OLIVER "JACKSON"
SCHRUMPF AND CHARLES SCHRUMPF,
A PROFESSIONAL LAW CORPORATION

Oliver Schrumpf
Oliver "Jackson" Schrumpf
LA Bar Roll No. 11832
3801 Maplewood Drive
Sulphur, LA 70663
(337) 625-9077

cc: Nat Douget Court Reporters
Via email robin@natdouget.com

**PLEASE SERVE WITH ORIGINAL PETITION**

EXHIBIT E